**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**


AT&T MOBILITY LLC,                    :
                                      :
      Plaintiff,               :
                                      :
v.                                    :    CIVIL ACTION NO.
                                      :    1:09-CV-1829-RWS
CRESTPOINT SOLUTIONS, INC.,           :
                                      :
      Defendant.              :
                                      :
                                      :

## ORDER

This case comes before the Court on Defendants' Motion to Stay and

Compel Arbitration [9].  After a review of the record, the Court enters the

following Order.

**I.      Factual Background**

In 2005, Plaintiff AT&T Mobility LLC and Defendant Crestpoint

Solutions, Inc. entered into a contract.  (Dkt. No. [9] at 5.)  Plaintiff allegedly

breached the contract in July, 2008, and Defendant invoked the Dispute

Resolution clause that was set forth within the contract.  (Id. at 7.)  Defendant

filed a claim for breach of contract against Plaintiff with the American

AO 72A
(Rev.8/82)

Arbitration Association.  (Id.)  Plaintiff filed an answer, along with a counterclaim, and arbitration was scheduled to commence on April 29, 2009.[1] (Id.)  The parties reached a settlement the day before the scheduled arbitration hearing.  (Id. at 8.)  The arbitration panel was notified of the settlement and the hearing was cancelled.  (Id.)  Defendant alleges that this settlement was not authorized by its president.  (Id.)  Therefore, Defendant terminated its relationship with its attorney and sought new counsel.  (Id.)  Concluding the settlement was not binding under California law[2], Defendant's counsel notified Plaintiff that the case was not settled, and they were to proceed with arbitration. (Id. at 9.)

Thereafter, Plaintiff filed suit in federal court on July 8, 2009.  (Id.) After receiving a copy of the complaint, Defendant retained a Georgia law firm to advise it of its rights and obligations.  (Id.)  Defendant was informed that the

---

[1]In Defendant's Motion, it states that the arbitration hearing was scheduled for April 27, 2009; however, the Court believes this was in error.  Later, Defendant states that the parties met and settled on April 28, 2009, and it makes no mention of arbitration being cancelled or postponed.  (See Dkt. No. [9].)  Further, Plaintiff states that the parties settled on April 28, 2009, "the day before an evidentiary hearing was scheduled."  (Dkt. No. [14] at 1.)

[2]The settlement is not governed by California law because of a choice-of-law provision that states it will be governed by Georgia law.  (Dkt. No. [9] at 9.)

2

settlement was binding under Georgia law.  (Id. at 9-10.)  Defendant notified

Plaintiff that it would comply with the settlement.  (Id. at 10.)

An essential term of the settlement was the "execution of a formal

settlement agreement."  (Id.)  On February 8, 2010, after  months of negotiation,

Defendant sent Plaintiff a copy of the "settlement agreement, in accord with the

terms of the April settlement and in the form [Plaintiff] had termed 'basically

ok,' signed by [Defendant]."  (Id. at 14.)  After receiving no response from

Plaintiff, Defendant notified Plaintiff on March 16 that it believed Plaintiff's

inaction constituted a repudiation of the settlement.  (Id. at 15.)  Defendant also

informed Plaintiff that it rescinded the settlement, and that it would seek to

resume arbitration.  (Id.)  On March 19, Plaintiff sent an executed copy of the

settlement agreement to the Defendant.  (Id.)  Defendant responded that it had

"lawfully rescinded the settlement because [Plaintiff] by its conduct had

repudiated it, and the only proper forum to decide the issue is the AAA panel of

arbitrators . . ."  (Id.)

On March 30, 2010,  Plaintiff filed its First Amended Complaint with this

Court.   Defendant moved to stay this proceeding on April 26, 2010.

II.      Discussion

AO 72A
(Rev.8/82)

Federal policy strongly favors arbitration.  <u>Becker v. Davis</u>, 491 F.3d 1292, 1298 (11th Cir. 2007.)  However, a party may not be compelled under the Federal Arbitration Act to submit to arbitration unless there is a contractual basis for concluding that the party agreed to do so.  <u>Stolt-Nielson v. AnimalFeeds Int'l Corp.</u>, --- U.S. ----, 130 S. Ct. 1758, 1775 (2010).

In deciding whether to stay court proceedings or compel arbitration under Federal Arbitration Act, the Court must determine: (1) whether there is valid written agreement to arbitrate; (2) whether the issue is arbitrable under the agreement; and (3) whether the party asserting claims has failed or refused to arbitrate the claims.  <u>See</u> <u>Collins v. Int'l Dairy Queen</u>, 990 F. Supp. 1469 (M.D. Ga. 1998).   Both parties agree that the original contract contains a valid written agreement to arbitrate.  Moreover, Plaintiff has failed or refused to arbitrate the alleged breach of the settlement claim; therefore, the only issue is whether the breach of the settlement falls within the scope of the arbitration provision.

The original agreement has a "Dispute Resolution" clause, which states in pertinent part:

if [Plaintiff] and [Defendant] do not reach agreement within 30

4

days of first receiving notice of dispute, instead of suing in court, [Plaintiff] and [Defendant] agree to arbitrate any and all disputes and claims (including but not limited to claims based on or arising from an alleged tort) arising out of or relating to this agreement, or to any prior agreement for Products and/or Services between [Defendant] and [Plaintiff].

(Dkt. No. [9] at 5-6).

Arbitration clauses that use "arising out of or relating to" language capture all claims that touch matters covered by the parties' agreement or its breach. See Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 875 (2d Cir. 1987), Rhone-Poulenc Specialities Chimiques v. SCM Corp., 769 F.2d 1569, 1571 (Fed. Cir. 1985). If a contract's arbitration clause is broad, then the Court must find that the parties bargained to have any dispute that arguably falls within the scope of that clause settled through arbitration, absent compelling proof to the contrary. Sheet Metal Workers Local 57 Welfare Fund v. Tampa Sheet Metal Co., 786 F.2d 1459, 1460 (11th Cir. 1986) (citing Ottley v. Sheepshead Nursing Home, 688 F.2d 883, 886 (2d Cir. 1982). Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

AO 72A
(Rev.8/82)

Defendant initially initiated arbitration proceedings against Plaintiff for an alleged breach of contract.  (Dkt. No. [9] at 1.)  The day before arbitration was scheduled, the parties reached a settlement.  (Id.)  This suit was filed by Plaintiff requesting specific performance of the settlement.  (See Dkt. No[1].)  The settlement of the breached contract falls within the confines of the broad arbitration language in the original contract.

Even if the Court had doubt as to whether this claim is within the scope of the original contract, such doubt would have to "be resolved in favor of arbitration.'  Moses, 460 U.S. at 24-25. See also United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960) ("An order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation  that covers the asserted dispute.  Doubts should be resolved in favor of coverage").  Accordingly, Defendant's Motion to Stay and Compel Arbitration is hereby **GRANTED**.

## **CONCLUSION**

Based on the foregoing reasons, Defendants' Motion to Stay and Compel Arbitration [9] is hereby **GRANTED**.  This action is hereby

**STAYED**, and the parties are **ORDERED** to file the necessary papers with the American Arbitration Association to proceed with arbitration.

**SO ORDERED** this ___30th___ day of July, 2010.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)